IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SURGIQUEST, INC., ) | |
| ) | |
| Plaintiff, ) | C.A. No. 14-382-GMS |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| LEXION MEDICAL, LLC, ) | |
| ) | |
| Defendant. ) | |

**LEXION MEDICAL, LLC'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON SURGIQUEST, INC.'S CLAIMS OF FALSE ADVERTISING AGAINST LEXION**

Pursuant to Fed. R. Civ. P. 50(a), Lexion Medical, LLC ("Lexion"), by and through its undersigned counsel, moves for judgment as a matter of law that (1) Lexion's statements at issue are not statements of fact actionable under the Lanham Act and (2) that SurgiQuest, Inc. ("SurgiQuest") has not suffered irreparable harm. As explained further herein, the Court should rule as a matter of law that SurgiQuest failed to prove that Lexion is liable for false advertising and further that it is entitled to an injunction.

**ARGUMENT**

**1.    Standards Governing JMOL Motions Under Rule 50(b)**

"Pursuant to Federal Rule of Civil Procedure 50, a court may render judgment as a matter of law after the moving party is fully heard on an issue at trial if there is no legally sufficient evidentiary basis for a reasonable jury to find for the party opposing the motion on that issue." *Walter v. Holiday Inns, Inc.*, 985 F.2d 1232, 1238 (3d Cir. 1993). *Energy Transp. Group, Inc. v. Sonic Innovations, Inc.*, No. 05-cv-422-GMS, 2011 U.S. Dist. LEXIS 60716, at *7 (D. Del. June 7, 2011).

## 2. <u>**Standard for Actionable Statements Under the Lanham Act**</u>

To be considered proven false advertising under the Lanham Act, there must be a false or misleading misrepresentation that is made in commercial advertising or promotion, regarding the nature, characteristics or qualities of one's own product or another's product. 15 U.S.C. § 1125(a)(1)(B). Generally, statements of pure opinion—that is, statements incapable of being prove false—are protected under the First Amendment. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19-20 (1990). Although the Third Circuit has yet to rule on this issue, the Second Circuit has found that drawing conclusions from scientific data are not grounds for a claim of false advertising under the Lanham Act. *ONY, Inc. v. Cornerstone Therapeutics, Inc.*, 720 F.3d 490, 498 (2d Cir. 2013) ("We therefore conclude that, to the extent a speaker or author draws conclusions from non-fraudulent data, based on accurate descriptions of the data and methodology underlying those conclusions, on subjects about which there is legitimate ongoing scientific disagreement, those statements are not grounds for a claim of false advertising under the Lanham Act."). The Second Circuit stated "while statements about contested and contestable scientific hypotheses constitute assertions about the world that are in principle matters of verifiable 'fact,' for purposes of the First Amendment and the laws relating to fair competition and defamation, they are more closely akin to matters of opinion, and are so understood by the relevant scientific communities." *Id.* at 497; *see also Eastman Chem. Co. v. Plastipure, Inc.*, 775 F.3d 230, 235–36 (5th Cir. 2014) ("After a thorough analysis, the Second Circuit concluded that the First Amendment places scientific debates unfolding within the scientific community beyond the reach of the Lanham Act. According to the Second Circuit, statements in scientific literature 'are more closely akin to matters of opinion, and are so understood by the relevant scientific communities.'"). Because Lexion's alleged false advertising are statements regarding scientific

literature, they are statements of opinion rather than fact, and thus not actionable under the Lanham Act.

3. **Standard for Permanent Injunction and Irreparable Harm**

The Lanham Act grants a court the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office." 15 U.S.C. § 1116(a). A permanent injunction is appropriate under the Lanham Act when plaintiff has shown: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (hereinafter "*eBay*" ). "[T]he decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that discretion must be exercised consistent with traditional principles of equity, in patent disputes no less than in other cases governed by such standards." *Id.* at 394.

The Third Circuit recently clarified the standard for irreparable harm in Lanham Act cases in *Ferring Pharmaceuticals, Inc. v. Watson Pharmaceuticals, Inc.*, 765 F.3d 205 (3d Cir. 2014). *Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 203-204 (3d Cir. 2014). There, the Court held that "a party seeking a preliminary injunction in a Lanham Act case is not entitled to a presumption of irreparable harm but rather is required to demonstrate that she is likely to suffer irreparable harm if an injunction is not granted." *Euro-Pro*, 774 F.3d at 203 (quoting *Ferring*, 765 F.3d at 217). The decision in *Ferring* also emphasized that courts may award preliminary injunctive relief only upon a " '*clear showing*' " of a likelihood of irreparable harm. *Ferring*, 765 F.3d at 217 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22

(2008)). Grounds for irreparable injury include continued loss of control over a brand's reputation, loss of trade, loss of market share, and loss of goodwill. *See Euro-Pro*, 774 F.3d at 204 (citing *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 595–96 (3d Cir. 2002); *S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 378 (3d Cir. 1992) ("Grounds for irreparable injury include loss of control of reputation, loss of trade, and loss of goodwill.")). SurgiQuest has not met and cannot meet its burden of proof.

4.   **The Alleged Claims are Not Statements of Fact under the Lanham Act**

The focus of SurgiQuest's allegations at trial was that the standard complication rates presented in the chart were false or misleading. However, the evidence at trial demonstrated that the rates chosen are supported by the literature and that there is no universally accepted standard rate for these complications. Instead, when determining a standard complication rate, a surgeon makes a judgment based upon reading the literature as to which rate is most appropriate to deem "standard." This is a matter of judgment—in other words a matter of scientific opinion and therefore not actionable under the Lanham Act.

Because the claims that SurgiQuest contends are false are merely conclusions from scientific studies published in medical journals, they are statements of opinion, and are not actionable under the Lanham Act. Specifically, SurgiQuest accuses Lexion's distribution of a "Complication Rates Chart," of being false advertising under the Lanham Act. *See* Lexion Ex. 867. This Complication Rates Chart combines findings from various medical journal articles to show the rates of complications experience with the AirSeal compared to complication rates using other products during laparoscopic surgery. Because the entire Chart is based on scientific studies, and it merely illustrates the studies' findings, the Chart does not qualify as a "statement" under the Lanham Act. In fact, SurgiQuest's own expert, Dr. Lee, agreed that a doctor looking at the data from the journal articles may have different opinions about the standard rate of these

complications. Trial Tr. 1226:18-24; 1230:12-17 (Dr. Lee indicating that the data provides a wide range of different numbers); 1231:10-1232:7 (Dr. Lee indicating that "it depends on how you analyze things"). Because the evidence shows that scientists can interpret the data from the articles on which the Complication Rates Chart is based differently, and it is a matter of opinion, this chart cannot be considered a "statement of fact." Rather, these scientific debates are more closely akin to matters of opinion, and thus not actionable under the Lanham Act.

5. **SurgiQuest Has Failed To Prove That It Has Been Irreparably Harmed**

Given the evidence of record, SurigQuest has not established that it has or will suffer irreparable harm such that injunctive relief is not warranted. Specifically, SurgiQuest cannot show it is being *irreparably* harmed because the materials that SurgiQuest is accusing of false advertising—Complication Rates Chart (Lexion Ex. 867)—is no longer being published, distributed, used, or explicitly referred to by Lexion or its sales representatives. Trial Tr. 184:18-25 (Mr. Spearman indicating that Lexion is no longer distributing the Chart and has no plans to use it in the future). Indeed, SurgiQuest's sales continued to increase notwithstanding the alleged claims made by Lexion. Trial Tr. 1297:24-1298:1 (sales of AirSeal have increased since ConMed acquired SurgiQuest in 2015). In addition, the acquisition of SurgiQuest by Conmed Medical during the midst of this litigation for $265 Million manifests the absence of any damage or harm that SurgiQuest alleges. Trial Tr. 1003:25-1004:1.

SurigQuest has not articulated any particular injuries as a result of Lexion's alleged false advertisements, let alone irreparable injury. Even assuming a generalized injury to SurgiQuest's goodwill during the period that Lexion and its sales representatives sent, used, or referred to the Complications Rate Chart, SurgiQuest provides only conclusory allegations that money damages are incalculable and, therefore, inadequate to compensate any injuries it may have. Trial Tr. 1526:11-1527:13 (Dr. Ugone regarding his conclusion that a permanent injunction is warranted).

SurgiQuest has not even attempted to quantify its loss, and its withdrawal of a damages claim is telling.

Perhaps most important, the relevant public is not currently being deceived. There is no indication that Lexion or its sales representatives continue to use the Complications Rates Chart. To the contrary, Lexion provided testimony that they were used sparingly, if at all, and that it ceased sending out the materials or publishing, disseminating, or using the materials over a year ago. Trial Tr. 184:18-25.

In circumstances similar to this the Third Circuit has likewise found that irreparable harm was lacking and denied injunctive relief. Specifically, in *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 219 (3d Cir. 2014), the Circuit upheld the District Court's finding that Ferring failed to demonstrate irreparable harm based on representations made by defendant's agent that he would not make the alleged false advertising statements in the future and that they were removed from an earlier webcast publication. Because there was no evidence that the allegedly false statements were still available to relevant consumers, the court affirmed that there was no irreparable harm and that the denial of preliminary injunctive relief was appropriate. *Id.* at 218-219; *see also*, *Schering-Plough Healthcare Products, Inc. v. Neutrogena Corp.*, No. CIV. 09-642-SLR, 2011 WL 2312569 (D. Del. June 8, 2011) (denying motion for permanent injunction, holding "While the public interest favors enjoining literally false advertising, the public is not currently being deceived. There is no indication that defendant continues to use the print ad 6 or that 100+ Product (manufactured between April and August 2009) falsely bearing the "helioplex®" mark remain for sale, and the 100+ Product now contains DEHN.")

Here, Lexion has ceased the allegedly false advertising and made clear under oath that it would not use the Complication Rate Chart in the future. Trial Tr. 184:18-25. SurgiQuest has

not, nor can it, demonstrate that it is likely to suffer irreparable harm in the absence of injunctive relief. Absent a showing of irreparable harm, SurgiQuest is not entitled to any injunctive relief, regardless of whether the other three elements of an injunction are found. *See Ferring*, 765 F.3d at 218-219.

## CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 50(a) and for the reasons set forth in Lexion's oral motion on these issues, as well as the facts and argument presented above, Lexion's Complication Rates Chart does not constitute a statement of fact that is actionable under the Lanham Act and there is no legally sufficient evidentiary basis to support a finding of irreparable harm being suffered by SurgiQuest. Accordingly, an injunction against Lexion is not warranted and Lexion is entitled to judgment as a matter of law on SurgiQuest's claims of false advertising.

|  |  |
|---|---|
| OF COUNSEL:<br><br>David G. Wille<br>Paul J. Reilly<br>Megan LaDriere<br>BAKER BOTTS LLP<br>2001 Ross Avenue<br>Dallas, TX  75201-2980<br>Tel:  (214) 953-6500<br><br>Dated:  April 11, 2017<br>1249914 / 41466 | POTTER ANDERSON & CORROON LLP<br><br>By:  */s/ Bindu A. Palapura*<br>　　David E. Moore (#3983)<br>　　Bindu A. Palapura (#5370)<br>　　Hercules Plaza, 6th Floor<br>　　1313 N. Market Street<br>　　Wilmington, DE  19801<br>　　Tel:  (302) 984-6000<br>　　dmoore@potteranderson.com<br>　　bpalapura@potteranderson.com<br><br>*Attorneys for Defendant Lexion Medical, LLC* |